IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

# CASE NO. : 24-13226

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

Richard Brillhart

Defendant-Appellant.

---

A DIRECT APPEAL OF A CRIMINAL CASE FROM THE UNITED STATES

DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

FT. MYERS DIVISION

---


**<u>DEFENDANT-APPELANT'S</u>**

**<u>INITIAL BRIEF ON THE MERITS</u>**

_(s) Roger Azcona___
Roger Azcona, Esq.
Law Office of Roger Azcona
Florida Bar No.: 27453
403 NW 3rd Street
Okeechobee, Florida 34972
Tel.: (863)763-4166
Email: azconalaw@gmail.com
*Counsel for Defendant-Appellant*

<u>**CERTIFICATE OF INTERESTED PERSONS AND**</u>

<u>**CORPORATE DISCLOSURE STATEMENT**</u>

*United States v. Brillhart*, Case No. 24-13226

Pursuant to Rule 26.1 of the Federal Rules of Appellate procedure and Rule 26.1-2 of the Eleventh Circuit Rules, the undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case:

1. Azcona, Roger - (Counsel for Defendant-Appellant);

2. Bray, Vonni – Court Reporter for the Middle District of Florida, Ft. Myers Division.

3. Brillhart, Richard – Defendant in custody.

4. Chappell, Sheri Polster – 11th Circuit Judge, Middle District of Florida, Ft. Myers Division.

5. Davidow, Joseph – former defense counsel, 9015 Strada Stell Ct, Suite 106, Naples, Florida 49109-4373

6. Dutra, Rodney – trial witness

7. Foxall, Roy W. – former defense counsel, 2429 First Street., Ft. Myers, FL 33901.

8. Livingston, Niles – trial witness

9. McCoy, Mac – 11th Circuit Magistrate Judge, Middle District of Florida, Ft. Myers Division.

10. Miller, Landon – former defense counsel, 2335 Stanford Court, Suite 502, Naples, FL 34112.

11. Mizell, Nicholas – 11th Circuit Magistrate Judge, Middle District of Florida, Ft. Myers Division.

12. Nebesky, Suzanne – US Attorney's Office, 400 Tampa Street, Tampa, FL 33602-4798.

13. Phillips, Greg – trial witness

14. Raikes, Stacey - Court Reporter for the Middle District of Florida, Fort Myers Division.

15. Shrestha, Anjali – trial witness

16. Stutchin, Burt – CJA Counsel for witness, Rodney Dutra.

17. Viacava, Yolande – US Attorney's Office – 2110 First Street, Fort Myers, FL 33901.

# CERTIFICATE OF COMPLIANCE WITH RULE 26.1-3

I hereby certify that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

_(S) Roger Azcona_____

Roger Azcona, Esq.

Counsel for Defendant-Appellant

# STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellant Richard Brillhart believes that oral argument would substantially assist the Court in resolving the issues raised on appeal and accordingly request oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS……………………………C-1,2

CERTIFICATE OF COMPLIANCE……………………………………….C-3

STATEMENT REGARDING ORAL ARGUMENT………………………i

TABLE OF CONTENTS……………………………………………ii - v

TABLE OF CITATIONS……………………………………………...vi - xiii

STATEMENT OF JURISDICTION……………………………………xiv

STATEMENT OF THE ISSUE...…………………………………………..1 - 2

STATEMENT OF THE CASE…………………………………………..3-5

STATEMENT OF THE FACTS…………………………………………6 - 10

SUMMARY OF THE ARGUMENT..………………………………………...11

ARGUMENT AND CITATIONS OF AUTHORITY……………………….11 - 39

    I.    THE CONVICTION ON COUNT #2 VIOLATES THE DEFENDANT'S DOUBLE JEOPARDY RIGHTS.

    II.    THE DISTRICT COURT ERRED IN DEYING DEFENDANT'S MOTION TO SUPPRESS BECAUSE DEFENDANT MET THE REQUIREMENTS OF THE LAW.

    III.    THE DISTRICT COURT ERRED IN BOTH FAILING TO VIEW THE CHILD PORNOGRAPHY EVIDENCE BEFORE RULING ON

THEIR ADMISSIBILITY AND FAILING TO EITHER LIMIT OR

EXCLUDE SOME OR ALL OF THE CHILD PORNOGRAPHY

UNDER THE LAW.

IV. THE DISTRICT COURT VIOLATED THE DEFENDANT'S FIFTH

AND SIXTH AMENDMENT RIGHT TO PRESENT A DEFENSE

AND ERRED IN EXCLUDING THE EMAILS BETWEEN

RODNEY DUTRA AND KATIE MORRIS.

V. THE DISTRICT COURT ERRED IN REFUSING DEFENDANT'S

THEORY OF DEFENSE JURY INSTRUCTION.

VI. THE DISTRICT COURT ERRED IN DENYING THE

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL.

VII. THE DISTRICT COURT ABUSED ITS DISCRETION IN

DENYING BOTH A CONTINUANCE AND DEFENDANT'S

MOTION FOR A PRESENTENCE PSYCHOLOGICAL

EXAMINATION.

VIII. THE DISTRICT COURT ERRED IN APPLYING 2G2.2(b)(5)

ENHANCEMENT AT SENTENCING.

IX.    THE DISTRICT COURT IMPOSED A SUBSTANTIVELY
       UNREASONABLE SENTENCE WHEN IT SENTENCED THE
       DEFENDANT TO  480 MONTHS.

ARGUMENT I…………………………………………………………………11

    Standard of Review……………………………………………12

    Argument on the Merits……………………………………12 -13

ARGUMENT II…………………………………………………………………13

    Standard of Review……………………………………………14

    Argument on the Merits……………………………………15 - 16

ARGUMENT III………………………………………………………………..16

    Standard of Review……………………………………………16

    Argument on the Merits……………………………………17 - 18

ARGUMENT IV………………………………………………………………..18

    Standard of Review……………………………………………19

    Argument on the Merits……………………………………20 - 21

ARGUMENT V…………………………………………………………………21

    Standard of Review…………………………………………..21 - 22

    Argument on the Merits……………………………………23 - 24

ARGUMENT VI……………………………………………………….24

    Standard of Review……………………………………………25

    Argument on the Merits……………………………………25 - 28

ARGUMENT VII…………………………………………………….28

    Standard of Review………………………………………28 - 30

    Argument on the Merits……………………………………30 - 32

ARGUMENT VIII……………………………………………………33

    Standard of Review……………………………………………33

    Argument on the Merits……………………………………33 - 34

ARGUMENT IX……………………………………………………..35

    Standard of Review……………………………………………35

    Argument on the Merits……………………………………36 - 38


CONCLUSION…………………………………………………………38

CERTIFICATE OF SERVICE…………………………………………40

CERTIFICATE OF COMPLIANCE……………………………………40

# TABLE OF CITATIONS

**Cases:**

*United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021)

*United States v. Davis*, 854 F.3d 1276 (11th Cir. 2017)

*United States v. Hassoun*, 476 F.3d 1181 (11th Cir. 2007)

*United States v. Bobb*, 577 F.3d 1366 (11th Cir. 2009)

*United States v. Williams*, 527 F.3d 1235 (11th Cir. 2008)

*USA v. Schaff*, 838 F.Supp 2d 1376, 1377-1381(S.D. GA 2011)

*USA v Sandstorm*, CR-10-40067 (D.S.D. 2011)

*US v. Miller*, 527 F. 3d 54 (3rd Cir. 2008)

*United States v. Campbell*, 26 F.4th 860 (11th Cir. 2022)

*United States v. Spivey*, 861 F.3d 1207 (11th Cir. 2017)

*US vs Wilson*, 13 F.4th 961 (9th Cir. 2021)

*US v Ackerman*, 831 F 3d 1292 (10th Cir 2016)

*Kyllo v. United States* , 533 U.S. 27 (2001)

*Katz v. United States* , 389 U.S. 347 (1967)

*United States v. Miller* , 982 F.3d 412 (6th Cir. 2020)

*United States v. Ackerman* , 831 F.3d 1292, 1308 (10th Cir. 2016)

*US v Cunningham*, 694 F.3d 372 (3rd Cir. 2012)

*United States v. Green,* 617 F.3d 233 (3d Cir.2010)

*United States v. Starnes,* 583 F.3d 196 (3d Cir.2009)).

*US v. Curtin*, 489 F.3d 935 (9th Cir. 2007)

*US v. Loughry*, 660 F.3d 965 (7th Cir.2011)

*US v Todd*, 108 F.3d 1329(11th Cir. 1997)

*United States v. Sheffield,* 992 F.2d 1164 (11th Cir.1993)

*United States v. Lankford,* 955 F.2d 1545 (11th Cir.1992)

*United States v. Kelly,* 888 F.2d 732, 743 (11th Cir.1989)

*United States v. Anderson,* 872 F.2d 1508, 1515 (11th Cir.)

*United States v. Wasman,* 641 F.2d 326 (5th Cir. Unit B April 1981)

*Holt v. United* States, 342 F.2d 163, 166 (5th Cir.1965).

*US v. Hurn*, 368 F.3d 139(11th Cir. 2004)

 *United States v. Lankford,* 955 F.2d 1545, 1552 (11th Cir.1992)

*United States v. Gaskell,* 985 F.2d 1056, 1063 (11th Cir.1993)

*United States v. Bush*, 110 F.4th 1246 (11th Cir. 2024)

*United States v. Houston*, No. 20-10810 (11th Cir. May 20, 2021)

*United States v. Mayweather*, 991 F.3d 1163 (11th Cir. 2021)

*Christopher v. Cutter Laboratories*, 53 F.3d 1184 (11th Cir. 1995)

*Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283 (11th Cir. 2002)

*United States v. Bush*, 110 F.4th 1246 (11th Cir. 2024)

*United States v. Xavier*, No. 16-17570 (11th Cir. May 30, 2018).

*US v. Mayweather*, 991 F.3d 1163 (11th Cir. 2021)

*US v. Lively*, 803 F.2d 1124(11th Cir. 1986)

*US v. Stone*, 702 F2d 1139 (11th Cir.1983)

*United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006)

*United States v. Herrera*, 931 F.2d 761 (11th Cir. 1991)

*US vs. Pothier*, 919 F.3d 143(1st Cir. 2019)

*US v. Lowe*, 795 F.3d 519(6th Cir. 2015)

*US v. Moreland,* 665 F.3d 137(5th Cir. 2011)

*US v. Garcia*, 447 F.3d 1327(11th Cir. 2006)

*US v Bell*, 678 F.2d 547(5th Cir. 1982)

*US v. Mergerson,* 4 F.3d 337(5th Cir.1993)

*United States v. Coleman*, 2:18cr277-MHT (M.D. Ala. 2019)

*United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021)

*United States v. Davis*, 854 F.3d 1276 (11th Cir. 2017)

*United States v. Hassoun*, 476 F.3d 1181 (11th Cir. 2007)

*United States v. Bobb*, 577 F.3d 1366 (11th Cir. 2009)

*United States v. Williams*, 527 F.3d 1235 (11th Cir. 2008)

*USA v. Schaff*, 838 F.Supp 2d 1376 (S.D. GA 2011)

*USA v Sandstorm*, CR-10-40067 (D.S.D. 2011)

*United States v. Campbell*, 26 F.4th 860 (11th Cir. 2022)

*United States v. Spivey*, 861 F.3d 1207 (11th Cir. 2017)

*US vs Wilson*, 13 F.4th 961 (9th Cir. 2021)

*US v Ackerman*, 831 F 3d 1292 (10th Cir 2016)

*Kyllo v. United States*, 533 U.S. 27 (2001)

*Katz v. United States*, 389 U.S. 347(1967)

*United States v. Miller*, 982 F.3d 412, 427 (6th Cir. 2020)

*US v Cunningham*, 694 F.3d 372 (3rd Cir.2012)

*United States v. Green,* 617 F.3d 233 (3d Cir.2010)

*US v. Curtin*, 489 F.3d 935 (9th Cir. 2007)

US v. Loughry, 660 F.3d 965 (7th Cir.2011)

*US v Todd*, 108 F.3d 1329(11th Cir. 1997)

*United States v. Sheffield,* 992 F.2d 1164 (11th Cir.1993)

*United States v. Lankford,* 955 F.2d 1545, 1548 (11th Cir.1992)

x

*United States v. Kelly,* 888 F.2d 732, 743 (11th Cir.1989)

*United States v. Anderson,* 872 F.2d 1508, 1515 (11th Cir.)

*United States v. Wasman,* 641 F.2d 326 (5th Cir. Unit B April 1981)

*Holt v. United* States, 342 F.2d 163, 166 (5th Cir.1965)

*US v. Hurn*, 368 F.3d 139(11th Cir. 2004)

*United States v. Lankford,* 955 F.2d 1545, 1552 (11th Cir.1992)

*United States v. Gaskell,* 985 F.2d 1056, 1063 (11th Cir.1993)

*United States v. Bush*, 110 F.4th 1246 (11th Cir. 2024)

*United States v. Houston*, No. 20-10810 (11th Cir. May 20, 2021)

*United States v. Mayweather*, 991 F.3d 1163 (11th Cir. 2021)

*Christopher v. Cutter Laboratories*, 53 F.3d 1184 (11th Cir. 1995)

*Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283 (11th Cir. 2002)

*United States v. Bush*, 110 F.4th 1246 (11th Cir. 2024)

*United States v. Xavier*, No. 16-17570 (11th Cir. May 30, 2018)

*US v. Mayweather*, 991 F.3d 1163 (11th Cir. 2021)

*US v. Lively*, 803 F.2d 1124(11th Cir. 1986)

*US v. Stone*, 702 F2d 1139 (11th Cir.1983)

*United States v. Hill*, 5:21-cr-00043-TES-CHW (M.D. GA 2022)

*United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006)

*United States v. Stapleton*, 39 F.4th 1320(11th Cir. 2022)

*United States v. Herrera*, 931 F.2d 761 (11th Cir. 1991)

*US v Bell*, 678 F.2d 547(5th Cir. 1982)

*United States v. Coleman*, 2:18cr277-MHT (M.D. Ala. 2019)

*United States v. Perez-Rives*, 2:17cr38-MHT (M.D. Ala. Apr 19, 2018)

*United States v. Baxley*, 2:17cr434-MHT (M.D. Ala. Mar 28, 2018)

*United States v. Pierce*, 2:17cr98-MHT (M.D. Ala. Jan 19, 2018)

*United States v. Harris*, No. 16-17258 (11th Cir. Jan 11, 2018)

*United States v. Dimitrovski*, 782 F.3d 622 (11th Cir. 2015)

*United States v. Steiger*, 99 F.4th 1316 (11th Cir. 2024)

*USA v. Alberts*, 859 F.3d 979(11th Cir. 2017)

*USA v. Dominguez*, 997 F.3d 1121, 1124(11th Cir. 2021)

*Gall v. United States*, 552 US 38 (2007)

*United States v. Dowell*, 771 F.3d 162, 176 (4th Cir 2014)

*United States v. Shortt*, 485 F.3d 243, 248 (4th Cir. 2007)

*United States v. Perez-Rives*, 2:17cr38-MHT (M.D. Ala. Apr 19, 2018)

*United States v. Baxley*, 2:17cr434-MHT (M.D. Ala. Mar 28, 2018)

*United States v. Pierce*, 2:17cr98-MHT (M.D. Ala. Jan 19, 2018)

*United States v. Harris*, No. 16-17258 (11th Cir. Jan 11, 2018)

*United States v. Dimitrovski*, 782 F.3d 622 (11th Cir. 2015)

*United States v. Steiger*, 99 F.4th 1316 (11th Cir. 2024)

*United States v. Booker,*53 US 220(2005)

*United States v. Shortt*, 485 F.3d 243, 248 (4th Cir. 2007)

**Other Authority:**

18 U.S.C § 3231

18 U.S.C. § 3742

USSG 5K2.0(b)(2)

18 USC 3553(a)

18 U.S.C. § 4241(a)

18 U.S.C. § 3552(b)

# STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction over this federal criminal prosecution 18 U.S.C § 3231. On October 1, 2024, the district court entered judgment. (Doc. 236). Mr. Richard Brillhart filed a timely Notice of Appeal on October 3, 2024. (Doc. 239). This Court has appellate jurisdiction. 28 U.S.C. § 1291.

# **STATEMENT OF THE ISSUE**

I.    Did the conviction on Count #2 violate the defendant's double jeopardy rights?

II.   Did the District Court err in denying the defendant's Motion to Suppress Evidence?

III.  Did the District Court err in both failing to view the child pornography evidence before ruling on their admissibility, and failing to either limit or exclude some or all the child pornography evidence under the law?

IV.   Did the District Court violate the defendant's Fifth and Sixth Amendment Rights to present a defense and error in excluding the emails between Rodney Dutra and Katie Morris?

V.    Did the District Court err in refusing the defendant's theory of defense jury instruction?

VI.   Did the District Court err in denying the defendant's motion for judgment of acquittal?

VII.  Did the District Court abuse its discretion in denying both a continuance and defendant's motion for a presentencing psychological examination?

VIII. Did the District Court err in applying 2G2.(b)(5) enhancement at sentencing?

IX. Did the district court err in considering §3553 factors and imposing an unreasonable sentence?

# STATEMENT OF THE CASE

## A. Course of proceedings and Disposition

On May 18, 2022, a federal grand jury in the Middle District of Florida, Fort Myers Division, returned an Indictment charging Richard Brillhart one count of distribution of child pornography and one count of possession of child pornography with a prior conviction in violation of 18 U.S.C. §§2252(a)(4)(B) and (b)(2), 2252(a)(2) and (b)(1). (Doc. 1)

On October 17, 2022, the defense filed a Motion to Dismiss the Indictment based upon multiplicity in violation of the Double Jeopardy of the 5th Amendment. (Doc. 37) The trial court denied this motion. (Doc. 45)

On January 13, 2023, the defense filed a Motion to Suppress Evidence. (Doc. 56) The trial court after a hearing denied this motion. (Doc. 77)

On September 22, 2023, the defense filed its Second Motion-in-Limine moving to exclude images, video clips, testimony or written description depicting infants, toddlers, portraying bondage and violence under Fed. R. Evid. 403.(Doc 99) On January 12, 2024, the defense filed its Motion for

Reconsideration of Admission of Videos. (Doc 146) The trial court denied both motions.(Doc 121 & 157)

On January 12, 2024, the defense filed its Motion to Exclude Standard Jury Instructions and Motion to Supplement the Jury Instruction with a Theory of Defense Instruction.(Doc.145 & 153) The trial court denied both motions.(See. Doc.196, Vol. 3 of 3, page 300, lines 8-22)

On January 23, 2024, the Government filed its Motion-in-Limine to exclude emails between Rodney Dutra and Katie Morris.(Doc.151) The defense filed its Response in Opposition to the government's motion. (Doc.159) The trial court granted the government's motion over the defendant's objection. (Doc.173)

On February 7, 2024, Mr. Brillhart was found guilty at a jury trial held before United States District Judge Sheri Polster Chappell as to both counts of the Indictment.(Doc.176)

On February 20. 2024, the defense moved for Judgement of Acquittal Under Rule 29(C).(Doc.195, Vol. 2 of 3, page 261-272; Vol. 3 of 3, page 87-89; Doc.178) The trial court denied this motion.(Doc.196, Vol 3 of 3, page 87-89; Doc.181)

On July 30, 2024, the defense filed a Motion for Psychological, Psychosocial, and Psychosexual Evaluation of the Defendant prior to sentencing.(Doc 214) The trial court denies this motion.(Doc.226)

On August 30, 2024, the United States Probation Office final Pre-sentence Report (PSR), calculated the defendant's applicable range under the federal sentencing guidelines, and applied 2G2.2(b)(5) enhancement over the defendant's objection.(Doc.233)

On October 1, 2024, at sentencing, the district court accepted the PSR and the advisory guideline range, and the district court imposed a 480-month imprisonment as to count #1 and 240 months imprisonment as to count #2 to run concurrently with count #1.(Doc.236) Mr. Brillhart who is incarcerated at the federal correctional institution, now appeals the court's ruling in the legal issues above and the sentence imposed.

**B. <u>Statement (Summary) of the Facts</u>**

On April 15, 2021, the National Center for Missing and Exploited Children (NCMEC) received a CyberTipline Report from Yahoo!, indicating a Yahoo! account subscriber, later identified as Brillhart, uploaded six image files (five were identical images) of child sexual abuse material (CSAM). The image files were sent as attachments in emails sent by Brillhart using the email address jobs4rich@yahoo.com ("richard bri") on April 14, 2021, to other email accounts he controlled at 2392719854@metropcs.com andreb3280@gmail.com. From the Internet Protocol (IP) address provided by Yahoo!, the location of the upload of files was determined to be in Lee County, Florida. NCMEC provided the CyberTipline Report to HSI in that area for further investigation. On April 15, 2021, Yahoo! deactivated Brillhart's jobs4rich@yahoo.com account for sharing CSAM. (See; Doc 227. Presentencing Report for details of description, pages 4-11). Subpoena records confirmed that Brillhart was the owner of the deactivated email account jobs4rich@yahoo.com. A special agent with HSI determined Brillhart was a lifetime registered sexual offender because of his conviction on September 27, 2004, in the United States District Court for the Middle District of Florida, Fort Myers Division, of Possession of Materials Involving Sexual Exploitation of Minors, Docket No.: 2:03-cr121-JES-KCD. Brillhart was

released from the Bureau of Prisons' custody on October 30, 2020, and begin his life term of federal supervised release. Court records also revealed that Brillhart had been convicted on October 5, 1999, in 16th Circuit Court in Mt. Clemens, Michigan, of Criminal Sexual Conduct, 4th Degree, Docket No.: 98-1864, and on September 26, 2000, in 16th Circuit Court in Mt. Clemens, Michigan, of Failure to Register, Docket No.: 00-1886. 10. On May 10, 2021, NCMEC received a CyberTipline Report from Google through the CyberTipline indicating Brillhart uploaded two gif1 files of CSAM to email address reb3280@gmail.com ("Reb Reb") on May 9, 2021, using Brillhart's T-Mobile USA account. On May 12, 2021, NCMEC received a CyberTipline Report from Yahoo! indicating Brillhart received five video files of CSAM as attachments in emails on May 9, 2021, at his email address at reb3280@yahoo.com ("REB REB") from Yahoo! subscriber "Penny Franklin" at pennybif4u@yahoo.com. Between May 9, 2021, and May 10, 2021, Brillhart sent various emails to "Penny Franklin" containing 159 CSAM images and 26 videos, as attachments, from Brillhart's T-Mobile USA account. Yahoo! records indicated on May 9, 2021, Brillhart sent an email to "Penny Franklin" stating, "Hi I love little girls my name is Rich we are chatting on KIK." On May 10, 2021, Yahoo! deactivated Brillhart's reb3280@yahoo.com account for sharing CSAM. On May 17, 2021,

NCMEC received a CyberTipline Report from Yahoo! indicating Brillhart received ten video files of CSAM as attachments in emails at his email address reb3280e@yahoo.com ("Reb Reb") from Yahoo! subscriber "Avisdom" at fluffypandadelra099@gmail.com. On May 17, 2021, Yahoo! deactivated Brillhart's reb3280e@yahoo.com account for sharing CSAM. On May 19, 2021, NCMEC received a CyberTipline Report from Yahoo! indicating Brillhart sent eight video files of CSAM as attachments in his emails from his email address at yngluv01@yahoo.com ("Reb Reb") to Yahoo! subscriber, gijalin676@o3live.com, on May 18, 2021, using Brillhart's T-Mobile USA account. Yahoo! deactivated Brillhart's yngluv01@yahoo.com account for sharing CSAM. On May 19, 2021, NCMEC received a CyberTipline Report from Google indicating Brillhart uploaded one video file of CSAM to Brillhart's email address reb3280e@gmail.com ("Reb Reb") on May 15, 2021, using Brillhart's T-Mobile USA account. On May 25, 2021, NCMEC received a CyberTipline Report from Google indicating Brillhart uploaded one video file of CSAM to Brillhart's email address luvemyng04@gmail.com ("Reb Reb") on May 21, 2021, using Brillhart's T-Mobile USA account. On August 25, 2021, NCMEC received a CyberTipline Report from Kik2 indicating Brillhart uploaded 16 image files and 28 video files of CSAM utilizing the email

luvemyng01@yahoo.com and the username flped4you from August 10, 2021, through August 16, 2021. Lee County Sheriff's Office (LCSO) detectives obtained a search warrant for Brillhart's Kik account. On September 1, 2021, a special agent with HSI obtained a search warrant for Brillhart's residence at 5446 10th Avenue in Fort Myers, Florida, his 2004 Cadillac vehicle. 25. On September 8, 2021, during a search of Brillhart's residence, agents located and seized his Alcatel cellular phone from the bedroom and two additional cellular phones inside a plastic tote on the top shelf of the bedroom closet. 26. A forensic examination of Brillhart's Alcatel cellular phone's 16 Gigabyte SD card revealed 49 videos and 65 images depicting CSAM. The phone number associated with Brillhart's Alcatel cellular phone was the same number as verified by Yahoo! in the subscriber information Yahoo! had for email account reb3280@yahoo.com. Further, five of the image files depicting CSAM discovered on the 16 Gigabyte SD card of Brillhart's Alcatel cellular phone were files reported by Yahoo! in the CyberTipline Report that were sent as attachments in emails on May 9, 2021.

On February 7, 2024, a jury found Mr. Brillhart guilty of both counts of the indictment. At his sentencing on September 30, 2024, the defense moved for a downward departure and variance outlined in the Defendant's Amended Sentencing Objections and Sentencing Memo based on §3553 factors, policy

grounds, and unwarranted sentencing disparities. (Doc.233). The court adopted the advisory guideline prepared by the probation office with criminal category II. (Doc 227 at 17) Defense counsel recommended a sentence of up to 180 - 240 months will accomplish the goals of sentencing. (Doc.233 at 14)

The Court accepted the advisory guidelines, the PSR, the offense level, criminal history category II, enhancements, and sentencing range of 360-720 months. The court, after weighing all the evidence presented by both sides and arguments of counsel, provided its rational for the court's sentence. The court sentenced Mr. Brillhart to a term of 480-months imprisonment. He is incarcerated in a federal institution and now seeks appellate review of the denial of his pretrial objections and motions outlined in this brief, and his judgement and sentence.

# SUMMARY OF THE ARGUMENT

## ARGUMENT- I

## THE CONVICTION ON COUNT #2 VIOLATES THE DEFENDANT'S DOUBLE JEOPARDY RIGHTS.

### A. Standard of Review

 In *United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021), the court reiterated that the Double Jeopardy Clause prohibits multiple punishments for the same offense and applied the Blockburger test to determine whether the indictment was multiplicitous. *United States v. Davis*, 854 F.3d 1276 (11th Cir. 2017), clarified the standard of review, stating that multiplicity decisions are reviewed for an abuse of discretion, while double jeopardy arguments are reviewed de novo. This indicates that while the court gives some deference to the lower court's decision on multiplicity, it independently reviews the legal arguments related to double jeopardy. *United States v. Hassoun*, 476 F.3d 1181 (11th Cir. 2007), explicitly stated that the dismissal of a count of an indictment on multiplicity grounds is reviewed de novo. This means the appellate court considers the issue anew,

without deference to the lower court's decision. *United States v. Bobb*, 577 F.3d 1366 (11th Cir. 2009), and *United States v. Williams*, 527 F.3d 1235 (11th Cir. 2008), both reinforce the application of the Blockburger test and the de novo standard of review for double jeopardy claims.

## B. Argument on the Merits

The motion was filed prior to trial (Doc.37) to which the government replied (Doc.41), and the court denied the motion in its order under Doc #45. At trial, the Government used pictures and videos from Count #2 (possession) to help prove Count #1 (distribution). See, Doc #169, specifically exhibit 13(a) – 13(e), 26(a) & 26(b), and Doc #195 – trial transcript vol 2 of 3 pages 74-75, page 79 lines 18-25, page 80-81, thus triggering Double Jeopardy violation. The law in the Eleventh Circuit is clear, Possession of Child Pornography is a lesser-included offense of Distribution of Child Pornography, See; *USA v. Schaff*, 838 F.Supp 2d 1376, 1377-1381(S.D. GA 2011)(discussing 11th Circuit case law regarding Child Pornography and Double Jeopardy.); *USA v Sandstorm*, CR-10-40067 (D.S.D. 2011)(vacating possession as lesser included to distribution).

The defendant seeks "de novo" review of the trial court's ruling denying the defendant's Motion to Dismiss count 2 of the indictment based on multiplicity

12.

and 5th amendment grounds.(Doc.37) The defendant argues in his motion that he is being charged with distributing the same materials that he is charged with possession as in count 2 of the indictment which imposes a multiplicitous punishment for distribution and possession of child pornography. The basis of the court's ruling is erroneous because it separates two alleged sets of evidence where one is allegedly emailed to another person (distribution) separate from what is not sent when all the contraband is part of the entire possession. At trial, the government used the same evidence to prove both counts. Similarly, as in *US v. Miller*, 527 F. 3d 54, the Defendant argues that possessing child pornography is a lesser-included offense of distribution of child pornography, and thus "proscribe the same offense." Here the two offenses are the same because one is a lesser-included offense of the other under the "same-elements" (or Blockburger) test. Therefore, possession is a lesser and included offense as to the distribution count.

**ARGUMENT – II**

**THE DISTRICT COURT ERRED IN DEYING DEFENDANT'S MOTION**

**TO SUPPRESS BECAUSE DEFENDANT MET THE**

**REQUIREMENTS OF THE LAW.**

13.

## Standards of Review

The Eleventh Circuit has a well-established standard of review for motions to suppress evidence, which involves mixed questions of law and fact. The district court's factual findings are reviewed under the "clearly erroneous" standard, while the application of law to those facts is reviewed de novo. In _United States v. Campbell_, 26 F.4th 860 (11th Cir. 2022), the court that a denial of a motion to suppress involves mixed questions of fact and law. The court reviews factual findings for clear errors and the application of law to those facts de novo. In _United States v. Spivey_, 861 F.3d 1207 (11th Cir. 2017), the court also reiterated that factual findings are reviewed for clear error, and the application of law to facts is reviewed de novo.

## **Argument on the Merits**

The defendant seeks de novo review of the court's denial of his rights against illegal search and seizure, which were violated because the communications sent to the National Center for Missing and Exploited Children ("NCMEC") without their contents being confirmed by any individual for the email provider prior to seeking a warrant. Instead of complying with the requirements of the law for a judicial branch to determine probable cause in issuing a warrant, law enforcement usurped

the judiciary's role and proceeded to view the seized files. (Doc 56) At the hearing the government failed to present witnesses who reviewed the files prior to sending them to law enforcement should have been insufficient to meet the government's burden of a warrantless search since this violates the defendant's Sixth Amendment right to confrontation. The private search doctrine does not apply in Mr. Brillhart's case, and the trial court should have granted the motion under *US vs Wilson*, 13 F.4th 961 (9th Cir. 2021). The review of defendant's email attachments by NCMEC without a warrant was impermissible under the Fourth Amendment because it qualifies as a government entity. *US v Ackerman*, 831 F 3d 1292 (10th Cir 2016). In *Wilson*, the court determined that a defendant had a subjective expectation of privacy in his email attachments that society is prepared to recognize as reasonable, *see Kyllo v. United States*, 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001) (*citing Katz v. United States*, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring)); *see also United States v. Miller*, 982 F.3d 412, 427 (6th Cir. 2020) (taking the same approach); *cf. United States v. Ackerman*, 831 F.3d 1292, 1308 (10th Cir. 2016) (holding that when the government views email attachments it is a "search" for Fourth

Amendment purposes under both an expectation-of-privacy and a trespass-to-chattels theory).

## ARGUMENT – III

## <u>THE DISTRICT COURT ERRED IN BOTH FAILING TO VIEW THE CHILD PORNOGRAPHY EVIDENCE BEFORE RULING ON THEIR ADMISSIBILITY AND FAILING TO EITHER LIMIT OR EXCLUDE SOME OR ALL OF THE CHILD PORNOGRAPHY UNDER THE LAW.</u>

**Standards of Review**

In <u>US v Cunningham</u>, 694 F.3d 372, the court reiterated that "we review a district court's ruling to admit or exclude evidence under an abuse of discretion standard." <u>United States v. Green,</u> 617 F.3d 233, 239 (3d Cir.2010). "An abuse of discretion occurs only where the district court's decision is 'arbitrary, fanciful, or clearly unreasonable....' " <u>Id.</u> (quoting <u>United States v. Starnes,</u> 583 F.3d 196, 214 (3d Cir.2009)).

## Argument on the Merits

Prior to trial, the defense filed its Motion in Limine pursuant to FRE 403.(Doc.99 & 146). Ultimately, the court abused its discretion when it failed to view the child pornography evidence before ruling on its admissibility.(Doc.121 &157) This assertion is based on the reasoning provided under *US v Cunningham*, 694 F.3d 372, where the Third Circuit Court of Appeals vacated and demanded the case for a new trial. Similarly, because the court permitted the videos to be shown without viewing it to determine whether the danger of unfair prejudice substantially outweighed their probative value, this trial court erred, and the conviction should be reversed. Not only did the trial court fail to review the evidence but also allowed them to be shown to the jury without properly considering their highly inflammatory nature that substantially outweighed their probative value pertaining to the crimes charged. Such error is not harmless. The child pornography images presented to the jury were clearly graphic and haunting even as they are described in the Presentence Investigation Report.(Doc.227 at 5-11). Such images reveal children engaging in sexually explicit conduct that are obscene, violent and humiliating, and necessarily conjuring feelings of disgust and blind rage that will likely lead a jury to convict because it thinks the defendant is a bad person and deserves punishment, regardless of whether he committed the

crime. Given the inflammatory nature of the evidence, a court's proper review should have necessitated its inadmissibility, or at a minimum limited the images, and provided special instruction to control its probative value to assure that the jury's verdict will not be based on unfair prejudice. The Ninth Circuit held "as a matter of law that a court does not properly exercise its balancing discretion under Rule 403 when it fails to place on the scales and personally examine and evaluate all that it must weigh." *US v. Curtin*, 489 F.3d 935 (9th Cir. 2007). The Seventh Circuit "emphasized that a district court, in exercising its discretion under Rule 403, must carefully analyze and assess the prejudicial effect of challenged evidence." See US v. Loughry, 660 F.3d 965(7th Cir. 2011).

**ARGUMENT – IV**

**THE DISTRICT COURT VIOLATED THE DEFENDANT'S FIFTH AND SIXTH AMENDMENT RIGHT TO PRESENT A DEFENSE AND ERRED IN EXCLUDING THE EMAILS BETWEEN RODNEY DUTRA AND KATIE MORRIS.**

18.

**Standards of Review:**

 In *US v Todd*, 108 F.3d 1329(11th Cir. 1997), the court stated, we review a district court's evidentiary rulings under the abuse of discretion standard. *United States v. Sheffield,* 992 F.2d 1164, 1167 (11th Cir.1993); *United States v. Lankford,* 955 F.2d 1545, 1548 (11th Cir.1992). We similarly review a trial court's ruling on the relevance of evidence under the abuse of discretion standard. *United States v. Kelly,* 888 F.2d 732, 743 (11th Cir.1989). We also note that "[s]uch discretion does not, however, extend to the exclusion of crucial relevant evidence necessary to establish a valid defense." *United States v. Kelly,* 888 F.2d 732, 743 (11th Cir.1989) (quoting *United States v. Anderson,* 872 F.2d 1508, 1515 (11th Cir.), cert. denied, 493 U.S. 1004, 110 S.Ct. 566, 107 L.Ed.2d 560 (1989)) (citations and internal quotation marks omitted). "When 'proffered evidence is of substantial probative value, and will not tend to prejudice or confuse, all doubt should be resolved in favor of admissibility.' " *United States v. Wasman,* 641 F.2d 326 (5th Cir. Unit B April 1981) (quoting *Holt v. United* States, 342 F.2d 163, 166 (5th Cir.1965)).

## Argument on the Merits

The court abused its discretion when it granted the government's motion (Doc.151), over the defendant's opposition (Doc 159), excluding the emails between Rodney Dutra and Katie Morris as irrelevant. (Doc.195 -Vol. 2 of 3 pp 275-293, Doc.196 – Vol. 3 of 3 pp 16-24). As the Eleventh Circuit in *US v. Todd*, 108 F.3d 1329(11th Cir. 1997) stated, "when the proffered evidence is of substantial probative value and will not tend to prejudice or confuse, then all doubt should be resolved in favor of admissibility." The court further went on to say in *US v. Hurn*, 368 F.3d 139(11th Cir. 2004), "a defendant's 5th and 6th Amendment Rights to a fair trial is violated when the evidence excluded is material in the sense of a critical, crucial and highly significant factor." As clearly argued in the defendant's opposition to the government's motion, the evidence is not being offered for the truth of the matter asserted but proves that Mr. Dutra had access to the defendant's phone, computer, and email accounts. The emails prove Mr. Dutra had knowledge of computers and had the motive against the defendant. Therefore, the court violated Mr. Brillhart's rights to a fair trial by denying his right to present a defense because the excluded evidence was not only relevant and highly probative, but was critical, crucial, and a significant factor in his defense theory. Furthermore, despite the court's error in denying Mr. Brillhart's right to present a

defense, and such error was not "harmless beyond a reasonable doubt." _United States v. Lankford,_ 955 F.2d 1545, 1552 (11th Cir.1992). In _Todd_, id., the court stated that where "the excluded testimony related to the determinative issue of intent, we cannot say that the error was harmless." _United States v. Gaskell,_ 985 F.2d 1056, 1063 (11th Cir.1993). Similarly, the excluded evidence goes directly to Mr. Brillhart's defense theory. The evidence excluded by the district court was relevant to establish his defense. Therefore, the excluded evidence was not harmless beyond a reasonable doubt and violated the defendant's rights to a fair trial.

## ARGUMENT – V

## THE DISTRICT COURT ERRED IN REFUSING DEFENDANT'S

## THEORY OF DEFENSE JURY INSTRUCTION.

**Standards of Review:**

The standard of review for a motion for additional or supplemental jury instruction in the Eleventh Circuit involves a combination of de novo review and abuse of

discretion. The legal correctness of a jury instruction is reviewed de novo, while the district court's phrasing or refusal to give requested instruction is reviewed for abuse of discretion. The Eleventh Circuit has established a clear framework for reviewing jury instructions, including additional or supplemental instructions. The legal correctness of a jury instruction is subject to de novo review, meaning the appellate court considers it anew without deference to the lower court's decision. This is evident in cases such as *United States v. Bush*, 110 F.4th 1246 (11th Cir. 2024), where the court stated, "Ordinarily, we review the legal correctness of a jury instruction de novo, and the district court's phrasing or refusal to give a requested instruction for abuse of discretion." The abuse of discretion standard applies to the district court's phrasing of an instruction or its refusal to give requested instruction. This standard is deferential, allowing the trial judge wide discretion if the instructions accurately reflect the law. In *United States v. Houston*, No. 20-10810 (11th Cir. May 20, 2021), the court noted that while the district court has considerable discretion regarding supplemental jury instructions, it must avoid misstating the law or confusing the jury. The criteria for reversible error in refusing a requested instruction are outlined in *United States v. Mayweather*, 991 F.3d 1163 (11th Cir. 2021), which states that a refusal constitutes reversible error only if the instruction is correct, not substantially covered by other instructions, and deals

with a point so vital that its absence seriously impaired the defendant's ability to defend. Additionally, the Eleventh Circuit has emphasized the importance of reviewing jury instructions as a whole to determine whether they fairly and adequately addressed the issue and correctly stated the law, as seen in *Christopher v. Cutter Laboratories*, 53 F.3d 1184 (11th Cir. 1995). If no objection to the jury instruction was raised at trial, the appellate court reviews for plain error. This requires showing that an error was plain, affected substantial rights, and seriously affected the fairness of the proceedings, as outlined in *Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283 (11th Cir. 2002). Even if a district court's instruction was legally erroneous, the error may be considered harmless beyond a reasonable doubt, as noted in *United States v. Bush*, 110 F.4th 1246 (11th Cir. 2024). A conviction will only be reversed if there is a substantial and ineradicable doubt about whether the jury was properly guided, setting a high threshold for overturning a conviction based on jury instruction errors, as seen in *United States v. Xavier*, No. 16-17570 (11th Cir. May 30, 2018).

**Argument on the Merits**

The defense moved and filed for a proposed defense jury instruction

(Doc.145 & 153), which the court abused its discretion when it denied the defense

theory instruction (Doc.196 vol 3 of 3 pp 300 at 8-22). Here, the proposed

instruction is legally correct, not confusing, not substantially covered by other

instructions, and deals with a point so vital that its absence seriously impaired the

defendant's ability to defend. *US v. Mayweather*, 991 F.3d 1163 (11th Cir. 2021).

Not only did this trial court deny Mr. Brillhart by excluding the emails that proved

his defense (*referred to in Argument IV, above*), but this court also furthermore

refused the necessary proposed instruction in his defense, therefore completely

stripping Mr. Brillhart of his chosen defense theory, which he has a right to

present.  The Eleventh Circuit Court of Appeals in *US v. Lively*, 803 F.2d

1124(11th Cir. 1986) stated, "the defendant is entitled to have presented a theory of

defense jury instructions for which there is any foundation in the evidence, even

though the evidence may be weak, insufficient, inconsistent or of doubtful

credibility" and the court's failure to deliver the requested jury instruction is

reversible error. *Lively*, 803 F.2d 1128; See also *US v. Stone*, 702 F2d 1139.

**ARGUMENT – VI**

**THE DISTRICT COURT ERRED IN DENYING THE**

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL.**

**Standards of Review:**

The standard of review on a motion for judgment of acquittal in the 11th Circuit is de novo. In *United States v. Hill*, 5:21-cr-00043-TES-CHW (M.D. GA 2022),

the court emphasized that a district court must view the evidence in the light most favorable to the government and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt (*United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006)). Similarly, in *United States v. Stapleton*, 39 F.4th 1320(11th Cir. 2022), the court reiterated that when reviewing sufficiency-of-the-evidence claims, the evidence must be viewed in the light most favorable to the government, and the verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt (*United States v. Herrera*, 931 F.2d 761, 762 (11th Cir. 1991)).

**Argument on the Merits**

The defense moved for a judgment of acquittal under Rule 29 (Doc#195 vol 2 of 3 pp 261-272; Doc.195 vol 3 of 3 pp 83-87; Doc.178), which the court

denied.(Doc.196 vol 3 of 3 pp 87-89; Doc.181). The defense argued that the court erred when it denied the defense motion for judgment of acquittal since there is insufficient evidence to sustain a conviction of "knowingly possessing" and "knowingly distributing" child pornography. See; *US vs. Pothier*, 919 F.3d 143(1st Cir. 2019); *US v. Lowe*, 795 F.3d 519(6th Cir. 2015); *US v. Moreland,* 665 F.3d 137(5th Cir. 2011) (when multiple people had access to the room and the phone, i.e. jointly occupancy). Here, the trial court's denial on Mr. Brillhart's case is solely based on *US v. Garcia*, 447 F.3d 1327(11th Cir. 2006) stating that "the government's evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." The defense argues that the defense's authority is more persuasive since it is more closely related to and applies to the facts firmly in Mr. Brillhart's case, as opposed to *Garcia*, 447 F.3d 1327, which the court is relying on to support its decision. A brief review of all 4 cases immediately distinguishes the *Garcia* case: most importantly, it's a conspiracy drug case, not a child pornography case. The legal statement that "it is not necessary for the evidence to exclude every reasonable hypothesis of innocence…" is only briefly mentioned in the court's "Standard of Review"—where it does not discuss how it thoroughly applies in its case analysis, and certainly not discussed in a child pornography case. The blurb of a statement is

merely cited from *US v Bell*, 678 F.2d 547(5th Cir. 1982). So, being cited in such manner carries little, if any, persuasive authority compared to those cited by the defense in supporting its position. On the other hand, all the cases supporting the defendant's position--*Pothier*, 919 F.3d 143(1st Cir. 2019); *Lowe*, 795 F.3d 519(6th Cir. 2015); and *Moreland,* 665 F.3d 137(5th Cir. 2011)—are all thorough discussions and analysis on the specific issue of "sufficiency of the evidence" relating to the granting or denying of a judgment of acquittal with similar or closely related facts more akin to Mr. Brillhart's case (when multiple people had access to the room and the phone, i.e. jointly occupancy in a child porn case). Therefore, this Appeals Court should base its ruling and find the authority and arguments presented in Mr. Brillhart's Motion for Judgment of Acquittal (Doc.178) more persuasive. The *Moreland* case is an Eleventh Circuit Court child pornography case with facts closer related to Mr. Brillhart's case. In *Moreland*, the court stated, "When the government seeks to prove constructive possession of contraband found in a jointly occupied location, it must present additional evidence of the defendant's knowing dominion or control of the contraband, besides the mere joint occupancy of the premises, to prove the defendant's constructive possession. *Mergerson,* 4 F.3d at 349. A conviction based upon constructive possession will be upheld only where the prosecution has proven that there

27.

is "something else (e.g., some circumstantial indicium of possession) ... besides mere joint occupancy" that "support[s] at least a plausible inference that the defendant had knowledge of and access to the ... contraband." *Id.* At trial, the government failed to present any evidence that Mr. Rodney Dutra did not have joint access to knowingly download the child pornography when there was evidence to show he violated his probation by accessing the internet, among others cited in Mr. Brillhart's motion. Therefore, this Appeals Court should render a decision consistent with the cases cited in the defendant's motion.(Doc.181)

## ARGUMENT – VII

## <u>THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING BOTH A CONTINUANCE AND DEFENDANT'S MOTION FOR A PRESENTENCE PSYCHOLOGICAL EXAMINATION.</u>

**Standards of Review:**

The standard of review on a motion for a presentence psychological examination in the 11th Circuit is primarily guided by federal statutes, specifically 18 U.S.C. §

4241(a) and 18 U.S.C. § 3552(b). The standard involves determining whether there is "reasonable cause to believe" that the defendant may be suffering from a mental disease or defect affecting their competency, or whether the court "desires more information than is otherwise available" to determine the appropriate sentence. These standards are applied in the context of federal criminal proceedings, including those within the 11th Circuit. *United States v. Coleman*, 2:18cr277-MHT (M.D. Ala. Feb 04, 2019): This case highlights the standard under 18 U.S.C. § 4241(a), which allows a court to order a competency evaluation if there is "reasonable cause to believe" that the defendant may be suffering from a mental disease or defect rendering them mentally incompetent. This standard is applicable in federal criminal proceedings, including those in the 11th Circuit. The court's decision to order such an evaluation is based on the presence of reasonable cause, which is a threshold requirement for considering the defendant's mental competency. *United States v. Perez-Rives*, 2:17cr38-MHT (M.D. Ala. Apr 19, 2018): This case discusses the authority of a sentencing court under 18 U.S.C. § 3552(b) to order a study of a convicted defendant when the court "desires more information than is otherwise available." The court must find a "compelling reason" or a lack of adequate local resources to conduct the study outside the local community. In *United States v. Baxley*, 2:17cr434-MHT (M.D. Ala. Mar 28, 2018),

this case emphasizes that the standard for ordering a presentence psychological evaluation is whether the court "desires more information than is otherwise available." If the court does not find a need for additional information, the conditions for ordering such an evaluation are not met. In *United States v. Pierce*, 2:17cr98-MHT (M.D. Ala. Jan 19, 2018), the case provides that a mental-health evaluation should be ordered if there is a reasonable basis to believe that a defendant's mental-health problem contributed to their criminal conduct. Therefore, such an evaluation aids the court in determining the defendant's culpability and potential treatment needs. The decision to order a presentence psychological examination is discretionary and based on the specific circumstances of each case. The court must find either "reasonable cause" under 18 U.S.C. § 4241(a) or a "desire for more information" under 18 U.S.C. § 3552(b). The court's discretion is limited by the requirement that there be a reasonable basis for believing that the defendant's mental health is relevant to their competency or **sentencing**. Without such a basis, the court may decline to order an evaluation.

## Argument on the Merits

As stated above, a motion for a presentence psychological examination is

governed under 18 U.S.C. § 4241(a) and 18 U.S.C. § 3552(b) in determining whether there is "reasonable cause to believe" that the defendant may be suffering from a mental disease or defect affecting their competency, or whether the court "desires more information than is otherwise available" to determine the appropriate sentence. Mr. Brillhart's motion (Doc.214) was directed on his mental competency prior to trial, and evaluation for sentencing purposes. Here, the court abused its discretion when it failed to apply the standard for ordering a presentence psychological evaluation; that is, a finding of whether the court "*desires more information than is otherwise available.*" The court did not provide any written findings to show that the appropriate standard was applied in denying the motion. An examination of the record and court's order show the issue was never properly addressed but denied when the court denied Mr. Brillhart's Third Motion to Continue Sentencing(Doc 222). No determination was made that the court does not find a need for additional information or the conditions for ordering such an evaluation are not met. <u>United States v. Pierce</u>, 2:17cr98-MHT (M.D. Ala. Jan 19, 2018). In Mr. Brillhart's motion, the defense provided sufficient "reasonable basis to believe that a defendant's mental-health problem contributed to his criminal conduct" in reviewing the records; (1) having multiple doctors with multiple opinions about defendant's mental health, (2) a prior mental health evaluation

dated March 26, 2002 and in 2004 diagnosing the defendant with "bi-polar disorder," (3) last psychosexual evaluation conducted while in prison was in March 26, 2018, (4) defendant has been prescribed multiple psychotropic medications consistent with diagnosis and treatment, and (5) mental health records from June 9, 2021 diagnosed the defendant with "bi-polar disorder-1 with impaired judgment and insight regarding everyday activities." Therefore, the trial court should have found that there was more than sufficient reasonable basis for it to order a psycho-sexual evaluation for purposes of determining a proper sentence. Such an evaluation would aid the defense in arguing a proper sentence, and the court in determining the defendant's culpability and potential treatment needs. While the decision to order a presentence psychological examination is discretionary and based on the specific circumstances of each case, still no determination was made to find either "reasonable cause" under 18 U.S.C. § 4241(a) or a "desire for more information" under 18 U.S.C. § 3552(b). Here, the court's discretion is limited by the requirement that there be a reasonable basis for believing that the defendant's mental health is relevant to his competency prior to trial or **sentencing**. Here, the court never addressed the issue and denied the evaluation without proper determination under the law.

# ARGUMENT - VIII

## THE DISTRICT COURT ERRED IN APPLYING 2G2.2(b)(5)

## ENHANCEMENT AT SENTENCING.

**Standards of Review:**

The Eleventh Circuit has consistently applied a two-tiered standard of review for sentencing enhancements. In _United States v. Harris_, No. 16-17258 (11th Cir. Jan 11, 2018), the court stated that it reviews the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. This approach is echoed in _United States v. Dimitrovski_, 782 F.3d 622 (11th Cir. 2015), where the court distinguished between the de novo review for the interpretation and application of the Sentencing Guidelines and the clear error review for factual findings. In _United States v. Steiger_, 99 F.4th 1316 (11th Cir. 2024), the court clarified that if a defendant timely objects to a sentencing enhancement, the review is for harmless error. If there is no timely objection, the review is for plain error.

**Argument on the Merits**

Mr. Brillhart made a timely objection to the factual statements alleged in the Pre-Sentencing Investigation prior to the court's adoption of the facts.(Doc.233) In particular, the defendant objected to the factual statements in Paragraph #52, page

15 of the PSR where the probation department restates that defendant had digital/vaginal, cunnilingus, penial/vaginal and fellatio with T.M., the 15-year-old girl from defendant's 1998 Fourth degree Criminal Sexual Conduct conviction in Michigan. The court accepted this to justify the "first instance" requirement for purposes enhancement under 2G2.2(b)(5). The defense argues that the court erred when it considered a violation of probation on the underlying offense for sentencing enhancement purposes under 2G2.2(b)(5).(Doc.245 at 25) The Eleventh Circuit in _USA v. Alberts_, 859 F.3d 979(11th Cir. 2017) stated "only conduct that falls within one of the statutory sections referenced in the definition of "sexual abuse or exploitation" in the 2G2.2(b)(5) application notes can justify a "pattern of activity" enhancement." Id at 984; _USA v. Dominguez_, 997 F.3d 1121, 1124(11th Cir. 2021). Therefore, the court erred when it considered a violation of probation to satisfy the "second instance" requirement for purposes of the enhancement. As in _Dominguez_, the question before the court is whether Brillhart's sexual relationship with Sara Danielson while she was 16 years and 5 months old falls within one of the statutory sections referenced in the definition of "sexual abuse or exploitation" in 2G2.2(b)(5). It does not, because Ms. Danielson was 16 years and 5 months old, and the government failed to prove the Mr. Brillhart had sex with Ms. Danielson before she turned 16 years old. Mr. Brillhart's conduct with Ms. Danielson did not violate Michigan state law because the age of consent in Michigan in 2001-2002 was 16 years old, and she had been emancipated. Therefore, Brillhart's conduct with Ms. Danielson did not violate any law, nor did it fall within one of the statutory sections referenced in 2G2.2(b)(5) definition of sexual abuse of exploitation, thus the enhancement was applied in error. Without this error, the guideline score should be 37, category 2 for a range of 235-293 months.

# ARGUMENT - IX

## THE DISTRICT COURT IMPOSED A SUBSTANTIVELY UNREASONABLE SENTENCE WHEN IT SENTENCED THE DEFENDANT TO 480 MONTHS.

**Standards of Review:**

In the Eleventh Circuit appellate court reviews the district court's findings of fact for clear error and applies a deferential abuse-of-discretion standard to the district court's application of the sentencing guidelines and the reasonableness of the sentence as established by the Supreme Court in cases such as *United States v. Booker,* 53 US 220(2005) and *Gall v. United States*, 552 US 38 (2007), under 18 U.S.C. § 3742. A court of appeals should give due regard to the district court's opportunity to judge the credibility of witnesses and should accept the district court's findings of fact unless they are clearly erroneous. The appellate court must determine whether a sentence is procedurally and substantively reasonable using a deferential abuse-of-discretion standard. This standard involves reviewing the district court's factual findings under a clearly erroneous standard and assessing the overall reasonableness of the sentence for abuse of discretion.

## Argument on the Merits

The defense argues the trial court in Mr. Brillhart's case committed clear error or abused its discretion when it sentenced the defendant to 480-months for reasons stated above, and arguments presented in defendant's Sentencing Memorandum (Doc.233) In addition, the defendant argues the court should have exercised its discretion by giving a downward departure under USSG 5K2.0(b)(2) for harsh pretrial confinement conditions at the Charlotte County Jail by being deprived of his mental health medication as prescribed by his doctors, which violated his 8th Amendment rights against cruel and unusual punishment. Jail staff acted deliberately indifferent to defendant's health and safety by exposing him to dangers of the COVID-19 virus. During Hurricane IAN, he was locked in his cell confined in a pitch-black cell with no lights, no running water and no adequate air ventilation. He had to defecate in a trash bag and that bag stayed in the defendant's cell. He was denied fresh air, any form of recreation, indoor or outdoor, was denied communication with both attorney and family, was denied law library, was denied email access, was denied clean clothing, denied clean bedding, denied basic hygiene and denied a shower. The conditions that defendant endured as an inmate in Charlotte County Jail during hurricane IAN should have been considered a harsh condition of pretrial confinement justifying a downward departure of 2-to-4

offense levels under USSG 5K2.0(b)(2).

The trial court also failed to apply 18 USC 3553(a) sentencing factors which support a downward variance sentencing range of 180-240 months for Mr. Brillhart as argued in his Sentencing Memorandum (Doc.233). Among others cited in his memorandum, the court failed to consider policy and flaws of Section 2G2.2 that almost every defendant charts at the statutory maximum, regardless of their criminal history score or if they plead guilty or went to trial. The trial court should have granted the defendant's downward variance range of 180-240 months. In determining an appropriate sentence, the trial court failed to properly consider the nature and seriousness of the offense under Section 3553(a)(1) and 3553(a)(2)(A) since his conduct is manifestly less culpable compared to the predators who performed the abuse on the children depicted in the pornography. The court should distinguish between abusers and producers on the one hand and consumers on the other. The court also failed to recognize Mr. Brillhart's existing mental illness under 18 USC 3553(a)(1), having been previously diagnosed with "BI-POLAR 1 DISORDER" with "impaired judgement regarding everyday activity and Social situations." This is evidenced by the court's failure to grant the defendant's motion for psychological and psychosexual evaluation for sentencing purposes.

The trial court also failed to sentence in a manner that avoids unwarranted sentencing disparities among defendants with similar records and who have been found guilty of similar conduct. The defendant provided Eleventh Circuit Court cases that justifying a reasonable sentence of 240 months.(Doc.233 at 12-14) Therefore, a guideline range sentence of 360-720 months for Mr. Brillhart is greater than necessary to satisfy the purpose of sentencing that created an

37.

unwarranted sentencing disparity. The court should have sentenced Mr. Brillhart to a downward variance sentencing range of 180-240 months.

In sum, a "sentence that does not serve the announced purpose of §3553(a)(2) is unreasonable." <u>United States v. Dowell</u>, 771 F.3d 162, 176 (4th Cir 2014) (quoting <u>United States v. Shortt</u>, 485 F.3d 243, 248 (4th Cir. 2007). This case involves a sentence that is "greater than necessary" to comply with the statutory goals of sentencing under 18 U.S.C. §3553(a). Mr. Brillhart respectfully requests that the court vacate his judgment and remand for re-sentencing consistent with some or all the reasons argued in this appeal.

## CONCLUSION

Based upon the foregoing facts, arguments, and legal authority, Defendant-Appellant, Mr. Brillhart, respectfully requests that this Honorable Court reverse the judgment and sentence, order the court to grant relief in his pre-trial motions; including the Motion to Dismiss the Indictment based upon multiplicity in violation of the Double Jeopardy of the 5th Amendment. (Doc. 37), Motion to Suppress Evidence. (Doc. 56), Second Motion-in-Limine (Doc 99), Motion to Exclude Standard Jury Instructions and Motion to Supplement the Jury Instruction with a Theory of Defense Instruction (Doc.145 & 153), Opposition to the government's Motion in Limine (Doc.159), Motion for Judgement of Acquittal Under Rule 29(C).(Doc.178), Motion for Psychological, Psychosocial,

and Psychosexual Evaluation of the Defendant prior to sentencing (Doc 214), Objection to the application of 2G2.2(b)(5)(Doc.233), and reverse and remand the case for resentencing to give adequate consideration of all §3553 factors, sentencing guideline policy disagreements, and providing a more consistent sentence that avoids unwarranted sentencing disparities.

Dated this __16__ day of January, 2025.

Respectfully submitted,

__(S) Roger Azcona_____

Roger Azcona, Esq.
Law Office of Roger Azcona
Florida Bar No.: 27453
403 NW 3rd Street
Okeechobee, Florida 34972
Tel.: (863)763-4166
Email: azconalaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __16__ day of January, 2025, I served all parties of record via CM/ECF.

_(S) Roger Azcona_____

Roger Azcona, Esq.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing brief is typed in Times New Roman style with a 14-point pitch and complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), and it contains 9506 words.

_(S) Roger Azcona_____

Roger Azcona, Esq.